**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT E. JONES, III,
Plaintiff-Appellant,

v.

WESTINGHOUSE ELECTRIC
CORPORATION; NORTHROP GRUMMAN
CORPORATION,
Defendants-Appellees.

No. 99-1590

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-97-1147-MJG)

Argued: January 26, 2000

Decided: February 23, 2000

Before NIEMEYER, Circuit Judge,
HAMILTON, Senior Circuit Judge, and
Frederic N. SMALKIN, United States District Judge
for the District of Maryland,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** J. Kirby Fowler, Jr., OBER, KALER, GRIMES &
SHRIVER, P.C., Baltimore, Maryland, for Appellant. Glen David

Nager, JONES, DAY, REAVIS & POGUE, Washington, D.C., for Appellees. **ON BRIEF:** Pamela J. White, Venetia D. Bell, OBER, KALER, GRIMES & SHRIVER, P.C., Baltimore, Maryland, for Appellant. Thomas M. Beck, JONES, DAY, REAVIS & POGUE, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Plaintiff Robert E. Jones, III, filed a complaint in the District Court against his employer, asserting claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq . (the ADEA), and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the ADA). After briefing and argument, the District Court granted summary judgment on both claims in favor of the defendants. The plaintiff now appeals the grant of summary judgment on the ADEA claim, but not on the ADA claim. The judgment of the District Court will be affirmed.

The appellant first asks this panel of the Court to revisit the "pretext plus" standard we have adopted in analyzing claims brought under Title VII and other statutes to which the Title VII proof scheme is applicable. See Vaughan v. MetraHealth Cos. , 145 F.3d 197 (4th Cir. 1998). We decline to do so, invoking the rule that one panel of this Court does not revisit issues authoritatively decided by another. See Jones v. Angelone, 94 F.3d 900, 905 (4th Cir. 1996).

The District Court properly applied the Vaughan rule to this case, in determining that there were no genuine disputes of fact warranting trial as to any presence of age discrimination in the layoff of Mr. Jones, then 56 years of age. Mr. Jones was one of six materials managers who worked for Mr. Burns, who was under downsizing instruc-

2

tions as part of the employer's fifth major downsizing of the `90s. Mr. Burns also supervised 35 non-managers (called "professionals") in the materials field. He selected Mr. Jones for layoff (whereas two other managers (ages 55 and 53) were transferred to other jobs), having, according to him, decided that there was no need for a managerial employee in the ARSR-4 program that Mr. Jones was managing at the time. A "professional," Mr. Evans (47) was retained in the program.

Although the District Court found that there was evidence of pretext in the reasons advanced by Burns for selecting Mr. Jones for layoff, it went on to find, using the Vaughan matrix, that Jones had adduced no evidence sufficient to warrant trial-- under the general summary judgment standards of Celotex Corp. v. Catrett, 477 U.S. 317 (1986) -- that Mr. Jones's selection for layoff was a result of prohibited age discrimination. We agree.

Even if one were to find evidence of pretext here (which is itself a matter of some doubt, given the tiny difference in"PAS" ratings between Jones and Evans (.04 out of 4.00 points)), Jones has pointed to no "plus" evidence that would warrant a reasonable fact-finder in concluding, by a preponderance of the evidence were the case at the directed verdict stage, that Jones was selected for layoff on account of his age, in whole or in part. As noted, the difference in PAS rating between him and Evans was minuscule. Even though the PAS rating appears to be an objective measure of performance, it obviously was based to some extent on subjective assessments, which are hardly so quantifiable that .04 on a 4.00 scale can be taken as evidence that Evans was not retained on the merits, but because he was younger than Jones. Furthermore, the Court is of the opinion that the number of people involved in the relevant selection pool was so small that numerical proof is insufficiently probative to generate a triable dispute, especially absent expert testimony signifying its probative value. See Vaughan, 145 F.3d at 203.

Finally, Jones points to a memorandum recording certain comments by the Chairman of Westinghouse at a July, 1994, "Chairman's Initiative" meeting. The comments, made during a colloquy between the Chairman and an unidentified participant, concerned the presence of "blockers" in the workforce, as a result of the company's past culture of paternalism. Even if the Court were to infer that "blockers"

was intended as a euphemistic reference to workers in the ADEA-protected class generally, there is no evidence whatever that the comments in question ever came to the attention of any of the decision-makers in this case. Even if there were such evidence, it would be insufficient alone or in combination with the other evidence relied upon to generate a triable issue for Mr. Jones. See, e.g., O'Connor v. Consolidated Coin Caterers Corp., 56 F.3d 542,548-49 (4th Cir. 1995), rev'd on other grounds, 517 U.S. 308 (1996), following remand, 84 F.3d 718 (4th Cir.), cert. denied , 519 U.S. 1040 (1996).

For the stated reasons, the judgment of the District Court is affirmed.

AFFIRMED

4